Gilbert CARTER, Trustee, Appellant,

v.

Nick C. SPANOS, Appellee.

No. 15857.

United States Court of Appeals
Eighth Circuit.

Jan. 16, 1958.

Gilbert Carter, pro se.

Terence M. O'Brien, Kansas City, Mo., for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and VAN OOSTERHOUT, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal is prosecuted from a declaratory judgment of the court without a jury, adjudicating a dispute between attorney and client as to the amount of an increase that should be made to a contingent fee, which increase is due under a written contract of employment dated October 27, 1952. It was undisputed that the attorney was entitled by the terms of the contract to receive some increase in the fee, over and above the ⅓ of the amount he recovered by settlement, which ⅓ is agreed to and provided for. The dispute was only as to the amount of the increase over the ⅓.

The attorney and other attorneys associated with him in the contract had brought an action on behalf of their client for the recovery of treble damages under the antitrust acts, entitled Mabel K. Carter, Trustee v. Twentieth Century-Fox Film Corporation et al., and prosecuted the same with skill and diligence so that on February 28, 1955, they obtained an offer in writing from the defendants in the action to settle the claims and demands of the plaintiff for $600,-000.

The client was prepared to accept but a dispute arose over the attorneys' fee. The terms of the employment contract as to the attorneys' fee were that:

"2. If the claim or cause of action be compromised and settled either before or after filing of suit but before intensive preparation for trial has been made, the attorneys' fees shall be one-fourth of the net amount recovered and collected."

"3. If the claim or cause of action be compromised and settled after intensive preparation for trial has been made but before judgment, the attorneys' fee shall be one-third of the net amount recovered and collected, provided however, that if such compromise and settlement occurs after trial has commenced the attorneys' fees shall be increased by such amount, not exceeding 6⅔ per cent of the net amount recovered and collected, as shall be fair and reasonable, taking into consideration the stage to which the trial has proceeded and the amount recovered and collected by compromise and settlement."

"4. If the claim or cause of action be tried and final judgment recovered, the attorneys' fee shall be one-third of the net amount (exclusive of attorneys' fees allowed by the court and assessed against the defendants) recovered and collected plus the full amount allowed by the court and assessed against the defendants and recovered and collected as attorneys' fees under Section 15, Title 15 U.S.C.A."

Before acceptance of the $600,000 settlement was agreed to, a supplemental agreement in writing was executed by the attorneys and client on March 4, 1955, which stated the dispute that had arisen between them concerning the attorneys' fee in the words and figures as follows:

"3. A dispute exists between the parties as to the proper interpretation and application of the provision of the original contract of October 27, 1952, which provides: 'that if such compromise and settlement occurs after trial has commenced, the attorneys' fees shall be increased by such amount, not exceeding 6⅔ per cent of the net amount recovered and collected, as shall be fair and reasonable, taking into consideration the stage to which the trial has proceeded and the amount recovered and collected by compromise and settlement.' It is the contention of first party that second party's fee should be computed on the basis of something less than 40 per cent (but something more than 33⅓ per cent) and it is the contention of second party that the fee should be computed on the basis of 40 per cent. * * *."

It was a condition of the offer of settlement of the Carter case that other offers made by the defendants to settle other cases being prosecuted by the attorney, Mr. William G. Boatright, should be accepted simultaneously and all acceptances were not immediately forthcoming so that a jury trial of Carter v. Twentieth Century-Fox Film Corporation was entered upon on Wednesday morning, March 2, 1955. A jury was empanelled and about 4:00 P.M. on Thursday, the second day, the court recessed the trial until the following Monday. In the meantime the Carter treble damage suit was settled for the agreed amount of $600,000 and the action was dismissed.

The supplemental contract of March 4, 1955, entered into after the offer of settlement had been made, fixed and defined in dollars and cents and installments the amounts of the fee agreed by all parties to be payable to the attorneys upon consummation of the settlement, under that provision of the employment contract which called for "one-third of the net amount recovered and collected if the claim or cause of action be compromised and settled after intensive preparation for trial has been made, but before judgment."

The dispute above defined was left for adjudication in this case. It was

brought by a successor in interest of the attorney against a successor in interest of the client and the custodian of a trust fund derived from the settlement. The court was called upon to adjudicate and declare what constituted the fair and reasonable amount not exceeding 6⅔ per cent of the net amount recovered and collected by which the attorneys' fee should be increased, above the established one-third, by reason of the fact that the settlement occurred after trial had commenced, taking into consideration the stage to which the trial had progressed and the amount that had been received and collected by compromise and settlement.

At the conclusion of the trial of this case, the court filed its opinion in writing accompanied by findings of fact and conclusions of law and entered declaratory judgment, which disposed of the controversy that was submitted by allowing an increase of attorneys' fees of 6⅔ per cent of the net amount recovered and collected on the settlement over and above the 33⅓ per cent thereof, reduced by a deduction from that allowance of 1½ per cent of said net recovery. Otherwise expressed, the whole fee was figured at 40 per cent of net recovery (33⅓ per cent, plus 6⅔ per cent) and reduced by 1½ per cent, leaving it at 38½ per cent of the net recovery.

The district court refused to sustain the contention which the attorney made in that court and has repeated on this appeal, that the "fee should be computed on the basis of 40 per cent of the net recovery" and that the full increase of 6⅔ per cent should be added to the established ⅓, on account of the attorney service at the trial. The net recovery from the settlement of the case was $589,807.72, and the fee of ⅓ as established was $196,602.57, so that an increase of 6⅔ per cent would have added to it the sum of $39,320.51. We find no error in the court's refusal to allow that amount to be added to the $196,602 already agreed to and provided for.

But it appears on consideration of the court's findings, conclusions and opinion, taken together (Rule 52(a) Federal Rules of Civil Procedure, 28 U.S.C.A.), that the court approved in large measure the position taken for the attorneys that the compensation to be ultimately paid to them, including the increase here in issue, should be such an amount as would be "fair and reasonable payment for all legal services rendered in connection with the institution and prosecution of the claim and cause of action * * * considered as a whole and not fractional". It was contended that such "reasonable payment" would result from allowance of the full 40 per cent of the recovery.

The court made painstaking and earnest effort to solve the problem before it, in such a way as to accomplish reasonable payment for all the services, and the judgment entered was, to the effect, that 40 per cent less a deduction of 1½ per cent of the net amount of the settlement, or 38½ per cent thereof, was declared to be the amount of the attorneys' fee.

It is contended for the client that the court erred in interpreting and applying the employment contract and that the increase of the amount of the attorneys' fee, which it declared over and above the established ⅓, was excessive.

The issue presented in this case involved only the application of the unambiguous attorneys' fee contract. It was binding and to be enforced in accord with its terms and substantially uncontradicted facts because Missouri law, Section 484.140 RSMo 1949, V.A.M.S. specifically sanctions such a contingent fee contract. There was no pleading that the compensation which the contract provided for the attorneys was fair and reasonable in its entirety and no attempt to recover on it as upon quantum meruit. We do not hold that the services would have supported recovery in the agreed amount on quantum meruit. Cf., Twentieth Century Fox Film Corporation v. Brookside Theatre Corporation, 8 Cir., 194 F.2d 846. The contract plainly singled out the trial of the case by the attorney who was employed as a distinct and special service to be paid for on a

different basis than intensive preparation and other services. The contract recognizes stages in the trial as a factor in measuring the fee for conducting the trial. If the attorneys had carried the trial through all stages, they would have been entitled to their 6⅔ per cent increase of fee regardless of the offer of settlement and its acceptance before the trial commenced, or the time it took, or the amount realized. But the case was dismissed while the trial was in a very early stage. In consequence, the duty devolved upon the court to determine what part of the 6⅔ per cent was in fact earned. To that end the contract required that the amount of recovery be taken into consideration, also the stage to which the trial had proceeded, and a fair and reasonable increase of fee above the ⅓ determined accordingly. There was an estimate, that could not be more than a reckless guess, that the trial would have taken about twelve days, but there is no thought or contention that the meaning of "fair and reasonable" as to this element of the contract is determinable merely by division of "two into twelve". It was determinable by the informed judgment of the experienced judge, applying the limitations and criteria of the contract. The fixing of fair and reasonable fees for attorneys' services is a function he performs year in and year out during his term of service.

The amount of the clients' recovery, running into hundreds of thousands of dollars as it did, affords some measure of the large financial interest at stake at the commencement of the trial and there can be no minimizing the great responsibility the trial imposed upon the attorney. The contract marks the trial off from other services to be performed by the attorney and is compatible with an understanding that he was in a unique and superior position by reason of his experience, skill and ability to conduct the trial. We agree with the court that there would be no fairness in awarding the attorney an ordinary, or even somewhat larger than ordinary, trial per diem. His was expected to be and was an extraordinary service by an unusual expert and his pay for conducting the trial was expected to be on a commensurate scale.

On the other hand the contract limits the amount to be added to the basic fee, by requiring that the stage to which the trial had proceeded be taken into consideration. As the trial was terminated and the case dismissed at a very early stage, the amount of the increase to be made to the established ⅓ must be fixed at an amount less than 6⅔ per cent of the recovery, which is fair and reasonable for the service to which it is related. We hold, on consideration of the matters the contract requires to be considered, that amount is and should be declared to be the sum of $6,000.

We have noted from the record that plaintiff in this action sues in his own right and also as assignee from William G. Boatright; that the defendant, Gilbert Carter, Trustee, was also one of the firm of attorneys associated on the employment contract with William G. Boatright, said firm being entitled by the terms of the contract to twenty per cent of the attorneys' fee called for by the contract; and that said firm of attorneys has accepted twenty per cent of ⅓ of the net recovery in full settlement of its claim; that the defendant Commerce Trust Company, a corporation fiscal agent is a stakeholder as to a fund received from the settlement of the Carter case; that federal jurisdiction exists by reason of diversity and the requisite amount; and that the judgment appealed from, in terms, directs distribution of said fund.

In order to conform the judgment and decree to our decision that the amount of the additional attorneys' fee the court was required to determine in this action should be reduced to $6,000, it is ordered that the judgment and decree as entered be amended as follows, to-wit:

(1). The declaration in the first paragraph of the judgment and decree that "the fund in the possession of the defendant Commerce Trust Company to the extent of

$24,378.71 belongs to plaintiff and that said fund to the extent of $7,077.70 belongs to defendant Gilbert Carter, Trustee, * * *."

be amended to read:

"The fund in the possession of the defendant Commerce Trust Company to the extent of $4,800.00 belongs to plaintiff and that said fund to the extent of $26,656.41 belongs to defendant Gilbert Carter, Trustee, * * *."

(2). The order of the second paragraph of the judgment and decree that "the court declares, adjudges and decrees that $24,378.71 of said fund in possession of said defendant Commerce Trust Company shall be by it turned over, paid and delivered to plaintiff, less 77.5 per cent of said fiscal agent's agreed fee for safekeeping and disbursing of said fund, and that $7,077.70 of said fund in possession of said defendant Commerce Trust Company shall be by it turned over, paid and delivered to defendant Gilbert Carter, Trustee, less 22.5 per cent of said fee * * *."

be amended to read:

"The court declares, adjudges and decrees that $4,800.00 of said fund in possession of said defendant Commerce Trust Company shall be by it turned over, paid and delivered to plaintiff, less 15.2 per cent of said fiscal agent's agreed fee for safekeeping and disbursement of said fund and that $26,656.41 of said fund in possession of said defendant Commerce Trust Company shall be by it turned over, paid and delivered to defendant Gilbert Carter, Trustee, less 84.8 per cent of said fee, and that plaintiff is not entitled to recover any interest on said amount of $4,800.00 out of the fund now on deposit with said Commerce Trust Company, and that the costs of this proceeding shall be and hereby are assessed equally against plaintiff and defendant Gilbert Car-

ter, Trustee, and that no costs are assessed against defendant Commerce Trust Company."

As so amended the judgment and decree is in all respects affirmed. Costs on appeal, including the supplemental record, to be divided $\frac{2}{5}$ to appellant and $\frac{3}{5}$ to appellee. Remanded with direction.